IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYLER MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 3:20-cv-00313 |
| | ) | |
| BRIGHTSTAR INTERNATIONAL CORP. | ) | Judge Waverly D. Crenshaw, Jr. |
| d/b/a BRIGHTSTAR CORP., | ) | Magistrate Judge Alistair Newbern |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby agreed and stipulated between the parties hereto that certain documents and information requested by the parties in oral and written discovery (including third-party discovery) in this action may contain confidential, sensitive, trade secret, or other proprietary information that must be protected from unauthorized disclosure. Accordingly, the discovery, use, and treatment of documents, tangible items, information, and other materials by the parties or nonparties in this lawsuit may only be conducted pursuant to the following terms and conditions:

## DEFINITIONS

1.      As used in this Protective Order:

(a)      "Confidential Information," as used herein, means any information, in whatever form, that any Protected Person, as defined below, produces in connection with formal or informal discovery in this lawsuit that may contain, reflect, or concern its trade secrets, financial information, and other sensitive, confidential, or proprietary information which, if disclosed to

1

third parties, may adversely affect the producing party's commercial, business, or financial position.

(b)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(c)     "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(d)     "Parties" means collectively the Plaintiff and Defendant in this Action.

(e)     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(f)     "Protected Person" means any Person (including a Party) that, voluntarily or under compulsory process, produces or provides any documents, information, testimony, or Confidential Information in this Action.

(g)     "Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial or appellate proceedings.

## DESIGNATION OF CONFIDENTIAL INFORMATION

2.     Any Protected Person shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or tangible thing, or portion of any document or tangible thing that contains Confidential Information.  Any Protected Person who produces or discloses any Confidential Information, including without limitation, any information, document, tangible thing, written discovery response, pleading, or testimony, shall mark or otherwise designate the same the foregoing or similar legend:  "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO AGREED PROTECTIVE ORDER."  Any item that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the tangible

thing is produced or a tag attached hereto. If an entire multi-page document is to be treated as "CONFIDENTIAL," each page of such document should be marked as "CONFIDENTIAL."

3. A Protected Person who fails to mark or designate materials as "CONFIDENTIAL" at the time of production or disclosure may do so by designating it "CONFIDENTIAL" and providing counsel with a substitute copy bearing the appropriate legend, within the longer of (a) sixty (60) calendar days after the date of the initial production, or (b) if the failure to mark or designate the materials as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the materials before receipt of the substitute copy of the materials shall not be considered a violation of this Protective Order

4. Any Protected Person may designate the transcript (or any portion thereof) of any deposition in this Action as Confidential Information by making such designation on the record at the deposition or by doing so within thirty (30) calendar days of receipt of the transcript of the deposition.

5. The Parties shall serve a copy of this Protective Order to each non-party Protected Person (or, if represented by counsel, the non-party Protected Person's counsel) along with service of any subpoena. If a non-party Protected Person believes that this Protective Order does not adequately protect its information, it may, within fourteen (14) days after receipt of a copy of this Protective Order, seek additional relief from the Court. If a non-party Protected Person seeks additional relief from the Court, the information or Document for which additional protection has been sought will not be produced until the Court has ruled on the non-party Protected Person's request for relief.

## SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION

6.      All Confidential Information shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth below, unless and until restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Information, provided that such advice and options shall not reveal the content of such Confidential Information except by prior written agreement of counsel for the Parties, or by order of the Court. Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any Party or the Court.

7.      Subject to Paragraphs 8 and 10 of this Protective Order, and except as otherwise provided herein, Confidential Information designated as "CONFIDENTIAL" pursuant to this Protective Order, and any information contained therein, and any notes, abstracts, or summaries made therefrom, shall not thereafter be disclosed in any matter to anyone other than:

(a)      the Parties to this Action and any individual employed by a Party who has substantial involvement in the prosecution or defense of this Action;

(b)      the Parties' counsel, including legal assistants, paralegal, or other law firm employees working under counsel's supervision who are involved in the prosecution or defense of this Action;

4

(c)     persons employed by or assisting the Parties' counsel in preparation for, or at, the trial of this Action, including experts with which counsel may consult and other trial consulting personnel;

(d)     document handling and reproduction firms engaged in relation to this Action;

(e)     court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(f)     deponents, provided that such disclosure only occurs during the deponent's deposition;

(g)     any mediator assigned to hear this matter, and his or her staff;

(h)     the Court and court personnel, and any jury selected to hear this Action (if applicable); and

(i)     other persons or entities, as agreed to in writing by the Parties, or on the record by the Protected Person, or as otherwise ordered by the Court, after opportunity for all parties to be heard.

8.     Prior to the disclosure of any Confidential Information subject to this Protective Order to any expert, consultant, or other Person or entity pursuant to Paragraph 7 above, counsel for the Party seeking to make such a disclosure shall inform each such Person, expert, or consultant that the Confidential Information may not be disclosed or used except as provided in this Protective Order.

9.     Any Party may challenge a Protected Person's designation of any Document or information as "CONFIDENTIAL" by stating as such in writing to the designating Party or non-party. Within twenty-one (21) calendar days of receipt of the objection to the confidentiality

5

designation, the Protected Person that designated the Document as "CONFIDENTIAL" may file a motion with the Court to establish the confidential status of the materials. The burden of establishing that the Document or information merits confidential protection will rest with the Protected Person seeking such protection. Any such Document or information will be deemed "CONFIDENTIAL" until the Court rules on the motion. If a Protected Person does not file a motion with the Court within twenty-one (21) calendar days of receiving a challenge from a Party, the Protected Person shall be deemed to have waived any claim that the Document or information merits confidential protection, and the Document or information will not be treated as "CONFIDENTIAL" hereunder.

10. Each Party, Person, or entity to whom disclosure of any Confidential Information is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such materials for his, her, or its own benefit, or from using such materials for any purpose or in any manner not directly related to the prosecution or defense of this Action.

11. Any Party intending to file with or disclose to the Court information or documents that have been designated as "CONFIDENTIAL" in discovery shall only do so in compliance with Local Rule 5.03.

12. Neither this Protective Order nor the disclosure of any Confidential Information shall be construed as a waiver by any Protected Person of (a) any objection to the admissibility in evidence of any such materials, (b) any objection to the production of any such materials, or (c) any objection to the production of materials or documents on the ground that they contain such highly sensitive and confidential information that it should not be produced at all, and that any necessary information concerning the contents of the materials or documents can be discovered in

other ways.  In the event that Confidential Information is used or disclosed in any court hearing or trial in this action, such materials and documents shall not lose their "CONFIDENTIAL" status through such use or disclosure, and the Parties, witnesses, and counsel in this action shall take all steps reasonably required to protect the confidentiality of such materials and documents during such use or disclosure.

13.     Upon final disposition of this Action, including the exhaustion of any appellate proceedings, and upon written request, all Confidential Information, and all copies, excerpts, or extracts, except for such Confidential Information which has become part of the record of this action, shall be returned within sixty (60) calendar days to the Protected Person producing the Confidential Information or destroyed.  Should a Party elect to comply with this Paragraph by destroying such Confidential Information, such Party shall provide a letter to counsel for the Protected Person that produced the Confidential Information that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such "CONFIDENTIAL" materials by third parties.  Notwithstanding the foregoing, counsel for each Party may retain an archival copy of any court filings, deposition exhibits, and/or hearing or trial exhibits that contain Confidential Information.

14.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of  Protected Person's claim of confidentiality, either as to the specific information, document, or tangible thing disclosed or as to any other material or information concerning the same or related subject matter.  A Protected Person may rectify such inadvertent or unintentional disclosure by  notifying in writing counsel for all Parties to whom the

material was disclosed that the materials should have been designated confidential promptly after the Protected Person learns of its inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, Document or thing as confidential under this Protective Order.

15.    The inadvertent production or disclosure by a Protected Person of Documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, or the inadvertent production of Documents or information that the Protected Person believes do not meet the Rule 26 discovery standard, despite the Protected Person's reasonable efforts to prescreen such Documents and information prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Documents or information is made promptly after the Protected Person learns of the inadvertent production.

Upon a request from any Protected Person who has inadvertently produced Documents or information that it believes is privileged, protected, or does not meet the Rule 26 discovery standard, the receiving Party shall immediately return such Documents and all copies to the Protected Person, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to Protected Person.

Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Documents or information as is reasonably necessary to identify the Documents or information and describe their nature to the Court in any motion to compel production.

16.    Pending entry by the Court, this Protective Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by the Parties'

counsel. The provisions of this Protective Order may be modified at any time by a written agreed stipulation of the Parties. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

IT IS SO ORDERED.

Entered on this the ___28th___ day of September, 2020.


_____
ALISTAIR E. NEWBERN
UNITED STATES MAGISTRATE JUDGE

**AGREED TO ON BEHALF OF THE PARTIES BY:**

LEADER & BULSO, PLC                    BRADLEY ARANT BOULT CUMMINGS LLP


/s/ *Eugene N. Bulso, Jr. (w/ perm. by KAR)*    /s/ *Kristina A. Reliford*
Eugene N. Bulso, Jr.                     Peter C. Sales (BPR No. 025067)
414 Union Street, Suite 1749             Frankie N. Spero (BPR No. 29408)
Nashville, Tennessee 37219               Kristina A. Reliford (BPR No. 037039)
Tel: (615) 780-4110                      1600 Division Street, Suite 700
Fax: (615) 780-4118                      Nashville, Tennessee 37203
gbulso@leaderbulso.com                   Tel: (615) 252-2365
*Counsel for Plaintiff*                  Fax: (615) 252-6365
                                         psales@bradley.com
                                         fspero@bradley.com
                                         kreliford@bradley.com
                                         *Counsel for Defendant*

10