IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYLER MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 3:20-cv-00313 |
| | ) | |
| BRIGHTSTAR INTERNATIONAL CORP. | ) | Judge Waverly D. Crenshaw, Jr. |
| d/b/a BRIGHTSTAR CORP., | ) | Magistrate Judge Alistair Newbern |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BRIGHTSTAR CORP.'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, Brightstar Corp. d/b/a Brightstar International Corp. ("Brightstar")[1], pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01, respectfully moves this Court to grant summary judgment in favor of Brightstar in this action and dismiss Plaintiff's Amended Complaint with prejudice. In support of this motion, Brightstar states as follows:

1.  In the Amended Complaint, Plaintiff asserts a single cause of action for breach of contract. Specifically, Plaintiff alleges that, when Brightstar placed him on furlough in March 2020 and stopped paying his salary during the furlough period, Brightstar changed/reduced his compensation in breach of his employment agreement. However, Brightstar did not change Plaintiff's compensation under the employment agreement—it remained the same throughout the furlough period. Brightstar did not pay Plaintiff's salary during the furlough period because he performed no work for Brightstar during that period. Thus, under the Fair Labor Standards Act (FLSA), he was not entitled to be paid any salary for that period.

---

[1] Brightstar Corp. is incorrectly named in the Amended Complaint as Brightstar International Corp. d/b/a Brightstar Corp.

2. Alternatively, even if Brightstar's furlough of Plaintiff did cause a diminution of his salary, Plaintiff failed to exercise the remedy provided for by his employment agreement to redress such a diminution. Specifically, Plaintiff was required to provide timely written notice to Brightstar of such a diminution of salary and allow Brightstar the opportunity to cure. Then, if Brightstar failed to cure, Plaintiff was required to resign his employment within 90 days from the initial existence of the diminution. Plaintiff expressly admitted in discovery that he did not give written notice to Brightstar of any diminution of salary or the right to cure. Plaintiff also admitted that he did not resign in accordance with the employment agreement. Thus, Plaintiff cannot establish a material breach of, or entitlement to any relief under, the employment agreement based upon the alleged diminution of his salary.

3. Finally, Plaintiff is not entitled to recover any damages in this action. Plaintiff seeks to recover as damages the alleged remaining salary under the employment agreement from the date he was placed on furlough through April 9, 2022 (*i.e.*, the fourth anniversary of the agreement date). He is not entitled to such damages. First, because Plaintiff performed no work for Brightstar during his furlough period, under the FLSA, he is not entitled to be paid any salary for that period. Second, on December 11, 2020, while Plaintiff was still on furlough, Brightstar terminated his employment "without Cause" and released him from his restrictive covenants. Thus, under the express terms of the employment agreement, Plaintiff is entitled to no further compensation, salary, or benefits after that date.

4. In further support of this motion, Brightstar submits and relies upon the following:

    a. Excerpts from the transcript of the deposition of Plaintiff, Tyler Miller, taken by Brightstar on December 22, 2020, attached hereto as collective **Exhibit A**;

b.  Plaintiff's responses to Brightstar's first set of requests for admission, a copy of which is attached hereto as **Exhibit B**;

c.  Second Declaration of Alison Borkin, Vice President, Human Resources-Americas, of Brightstar Corp., filed contemporaneously herewith;

d.  Brightstar's statement of undisputed material facts, filed contemporaneously herewith; and

e.  Brightstar's memorandum in support of this motion, filed contemporaneously herewith.

WHEREFORE, Brightstar respectfully requests that the Court enter an Order granting summary judgment in favor of Brightstar and dismissing Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

/s/ *Peter C. Sales*
Peter C. Sales (BPR No. 025067)
Frankie N. Spero (BPR No. 29408)
Kristina A. Reliford (BPR No. 037039)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2365
psales@bradley.com
fspero@bradley.com
kreliford@bradley.com
*Attorneys for Brightstar Corp.*