IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TYLER MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 3:20-cv-00313 |
| | ) |
| BRIGHTSTAR INTERNATIONAL CORP. | ) Judge Waverly D. Crenshaw, Jr. |
| d/b/a BRIGHTSTAR CORP., | ) Magistrate Judge Alistair Newbern |
| | ) |
| Defendant. | ) |

## DEFENDANT'S BRIGHTSTAR CORP.'S MOTION *IN LIMINE* TO EXCLUDE PAROL EVIDENCE

Defendant, Brightstar Corp. d/b/a Brightstar International Corp. ("Brightstar"), respectfully moves this Court *in limine* to exclude Plaintiff from introducing certain parol evidence at trial that is inadmissible under the parol evidence rule. In support of this motion, Brightstar states as follows:

In his Amended Complaint, Plaintiff asserts a single cause of action against Brightstar for breach of his employment agreement (the "Employment Agreement"). The terms of the Employment Agreement are clear and unambiguous, and Plaintiff has never alleged any ambiguity in the Agreement. Yet, Plaintiff seeks to offer testimony at trial regarding alleged contemporaneous parol agreements or understandings that contradict, vary, and/or add to the unambiguous terms of the Employment Agreement.

Specifically, Plaintiff seeks to testify that there was a contemporaneous parol agreement or understanding between him and Brightstar that he was "guaranteed" and entitled to be paid four years of salary at $200,000 per year under the Employment Agreement. Additionally, Plaintiff seeks to testify that there was a parol agreement or understanding that his compensation

under the Employment Agreement was consideration for Brightstar Asia, Ltd.'s ("Brightstar Asia") purchase of the controlling shareholder stake in Harvestar Solutions Limited ("Harvestar") from Plaintiff and Omar Elmi. These alleged parol agreements or understandings are barred by the parol evidence rule and must be excluded from trial.

In further support of this motion, Brightstar submits and relies upon its contemporaneously-filed memorandum of law in support hereof.

WHEREFORE, Brightstar respectfully requests that the Court:

1. Enter an Order excluding any testimony by Plaintiff (or any other person) at trial regarding a contemporaneous parol agreement or understanding that Plaintiff was "guaranteed" or entitled to be paid four years of salary under the Employment Agreement; and

2. Enter an Order excluding any testimony by Plaintiff (or any other person) at trial regarding a contemporaneous parol agreement or understanding that Plaintiff's compensation under the Employment Agreement was consideration for Brightstar Asia's purchase of the controlling shareholder stake in Harvestar from Plaintiff and Omar Elmi.

Respectfully submitted,

/s/ *Peter C. Sales*
Peter C. Sales (BPR No. 025067)
Frankie N. Spero (BPR No. 29408)
Kristina A. Reliford (BPR No. 037039)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-2365
F: (615) 252-6365
psales@bradley.com
fspero@bradley.com
kreliford@bradley.com
*Attorneys for Brightstar Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being served via the Court's CM/ECF system on the following on this the 27th day of May, 2021:

Eugene N. Bulso, Jr.
Nicholas D. Bulso
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, Tennessee 37027
gbulso@bulso.com
nbulso@bulso.com

/s/ *Peter C. Sales*
Peter C. Sales